339 So.2d 258 (1976)
Jose F. FONT and Carmen G. FONT, His Wife, Appellants,
v.
LAZARUS HOMES CORPORATION, Appellee.
No. 75-1783.
District Court of Appeal of Florida, Third District.
November 9, 1976.
Rehearing Denied November 29, 1976.
Frishman & Clyman, for appellants.
*259 Freidin & Goldfarb, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Purchasers seek reversal of an adverse summary judgment in their action for return of a $5,301 deposit placed with the defendant seller pursuant to an agreement for purchase of a new home.
Plaintiffs, Mr. and Mrs. Font, and defendant, Lazarus Homes Corporation, entered into a deposit receipt agreement whereby the Fonts agreed to purchase from Lazarus a residence for $54,171 and paid a $5,301 deposit. The agreement provided that the Fonts would make application for a first mortgage with First Federal Savings & Loan Association and in the event they failed to qualify, Lazarus had the option of returning the deposit and terminating the agreement; in the event plaintiffs were qualified by the mortgagee, but did not close, the deposit would be retained by Lazarus as liquidated and agreed damages. Plaintiffs were approved by First Federal; however, plaintiffs subsequently requested First Federal to disqualify them because Mr. Font had been furloughed by his employer. First Federal granted their request. Thereafter, Lazarus as mortgagor[1] obtained a permanent mortgage on the house which was assumable by the Fonts. The Fonts upon being so advised refused to close and Lazarus retained their $5,301 deposit. Plaintiffs filed suit for return of the deposit and summary judgment was entered for Lazarus. We affirm.
Where the determination of a lawsuit depends upon a written instrument and the legal effect to be drawn therefrom, the question is essentially one of law and ordinarily would be determinable by entry of summary judgment by the trial judge. Kochan v. American Fire and Casualty Company, 200 So.2d 213, 220 (Fla.2d DCA 1967); Shafer & Miller v. Miami Heart Institute, 237 So.2d 310 (Fla.3d DCA 1970).
It is uncontested that Lazarus obtained a permanent mortgage assumable by the plaintiffs and, in effect, plaintiffs qualified for the financing required by the deposit receipt agreement. Thus, plaintiffs' failure to close constituted a breach of contract and they forfeited the $5,301 deposit.
Affirmed.
NOTES
[1] First Federal was the mortgagee. This mortgage obtained by Lazarus was in the same principal amount as the mortgage applied for by the plaintiffs and initially approved by First Federal.